This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41074**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JACOB CHAVEZ-GARNETT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief in the above-entitled cause, pursuant to this Court's notice of assignment to the general calendar with modified briefing. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts, *In re Pilot Project for Criminal Appeals*, No. 2022-002, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's judgment and sentence and challenges the sufficiency of the evidence to support his convictions for aggravated battery against a household member with a deadly weapon, criminal damage to property (less than $1,000), and criminal damage to the property of a household member (over $1,000). [BIC 9-15] When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{3}** Defendant's convictions arose from allegations that while driving his truck at a high rate of speed, Defendant intentionally crashed into his girlfriend while she was driving a Ford Mustang. On appeal, Defendant contends the State failed to present sufficient evidence that he acted with the requisite intent to sustain his convictions for aggravated battery and criminal damage to property. [BIC 10-16]

**{4}** For aggravated battery, proof of specific intent is required. *See* NMSA 1978, § 30-3-5(C) (1969) (aggravated battery with a deadly weapon statute); UJI 14-322 NMRA (providing the jury instructions to be used for aggravated battery with a deadly weapon); *State v. Skippings*, 2011-NMSC-021, ¶ 14, 150 N.M. 216, 258 P.3d 1008 ("Under the aggravated battery statute, it must be established that the perpetrator possessed the specific intent to injure that person or another." (internal quotation marks and citation omitted)). The jury instructions given in the current case mirror the law and required the jury to find that Defendant intended to injure Ms. Lopez when he struck the vehicle she was driving with his truck, which he used as a weapon. [RP 148]

**{5}** In contrast, for criminal damage to property, proof of mere general intent is required. *See* NMSA 1978, § 30-15-1 (1963) (criminal damage to property statute); UJI 14-1501 NMRA (providing the jury instructions to be used for criminal damage to property, including a general intent instruction under UJI 14-141 NMRA). The jury instructions given in the instant case were consistent with law, requiring the jury to find that Defendant intentionally damaged the property of another; specifically, a street sign, curb, fire hydrant, a fence [RP 151-53], and the property of Ms. Lopez [RP 152]. The jury instructions explained that "[a] person acts intentionally when he purposely does an act which the law declares to be a crime." [RP 153]

**{6}** The State presented evidence that Defendant and Ms. Lopez were in a tumultuous relationship and arguing on the day in question, stemming at least in part

from Defendant's jealous tendencies. [BIC 1-2] Defendant left Ms. Lopez's house in anger, and Ms. Lopez also left her house in order to go to work. [BIC 2] While driving her Ford Mustang, Ms. Lopez saw Defendant a few blocks ahead of her, stopped at a stop sign in his Chevy Silverado truck. [BIC 2] During this time, Defendant and Ms. Lopez were continuing their argument, exchanging angry text messages. [BIC 2] Upon seeing Defendant in his truck, Ms. Lopez decided to disregard her stop sign and speed up to drive alongside Defendant. [BIC 2] Ms. Lopez increased her speed to pull directly in front of Defendant's truck, then removed her foot from the gas pedal to slow down, thinking Defendant would do the same. [BIC 2-3] Defendant, driving at an even higher rate of speed, did not slow down and struck Ms. Lopez's Mustang with his truck, causing Ms. Lopez's airbags to deploy and the car to veer off the road, flip twice, take down a fence in front of a church, and totaling Ms. Lopez's car. [BIC 3] Ms. Lopez suffered a gash on her arm and head, scrapes on her hands from broken glass, and a fractured foot, requiring her to use a boot and scooter for three months. [BIC 3]

**{7}** An expert in motor vehicle crash reconstruction and investigation, who investigated this incident, testified that the truck weighed 5,200 pounds and was traveling 89 miles per hour upon impact with the Mustang, which weighed 3,500 pounds and was traveling 56-57 miles per hour. [BIC 7-8] The expert further testified that the crash was a single impact collision with no attempt by the driver of the truck to brake or steer away to avoid the collision. [BIC 7-8] The crash occurred in a 35–mile-per-hour zone. [BIC 2]

**{8}** Responding officers testified that when they interviewed Defendant after the crash, Defendant's demeanor was calm and unemotional, as though the crash was a minor fender bender. [BIC 5, 14] Defendant told one of the responding officers he was traveling 30 miles per hour at the time of the crash. [BIC 5]

**{9}** At the scene of the crash, Ms. Lopez gave an audio and video recorded statement to police, in which she omitted her role in the incident and blamed only Defendant for the crash. [BIC 3-4] After receiving medical care, Ms. Lopez spoke to police again, and blamed Defendant again for the events of that evening. [BIC 4] The day after the crash, Defendant called Ms. Lopez from jail and blamed her for pulling in front of him and hitting her brakes before the crash occurred, and Ms. Lopez accused Defendant of trying to kill her. [BIC 4] Later, Ms. Lopez told officers that she no longer wanted to participate in the investigation. [BIC 4] The expert in motor vehicle crash reconstruction and investigation testified that there was no evidence the Mustang braked before the truck crashed into it. [BIC 8]

**{10}** In support of Defendant's claim that the evidence fails to show he possessed the requisite intent, Defendant relies primarily on the testimony of Ms. Lopez in which she acknowledged she played a bigger role in the crash than she initially told police. [BIC 12] We are not persuaded that her role in the crash or her inconsistent statements render the evidence of his intent insufficient. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (stating that it is the role of the jury fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and

credibility lie). "Intent is usually established by circumstantial evidence" of the surrounding facts and circumstances, from which reasonable inferences are drawn. *State v. Brenn*, 2005-NMCA-121, ¶¶ 24, 26, 138 N.M. 451, 121 P.3d 1050.

**{11}** The relevant circumstances in the present case showed that Defendant crashed into Ms. Lopez's Mustang with his Silverado truck driving 89 miles per hour in a 35-mile-per-hour zone while in a jealousy-fueled argument with Ms. Lopez and exchanging angry text messages, and did not brake or swerve to avoid a collision with her. To police on the scene, Defendant claimed to have been driving under the speed limit and seemed unconcerned by the crash. From this circumstantial evidence the jury could reasonably infer that Defendant purposefully hit Ms. Lopez's vehicle and that, by doing so at such a high rate of speed without any mitigating efforts, he used his truck as a deadly weapon and meant to injure Ms. Lopez. "[A]s a reviewing court, we do not reweigh the evidence or attempt to draw alternative inferences from the evidence." *State v. Estrada*, 2001-NMCA-034, ¶ 41, 130 N.M. 358, 24 P.3d 793. We hold that this evidence is sufficient to establish the requisite intent for aggravated battery with a deadly weapon given that reasonable inferences could be drawn that Defendant's intended to hit Ms. Lopez's Mustang with his far heavier truck at a high rate of speed with an awareness "of the potentially injurious nature of such a collision." *State v. Dowling*, 2011-NMSC-016, ¶ 30, 150 N.M. 110, 257 P.3d 930; § 30-3-5(A); UJI 14-322. The evidence that Defendant purposefully hit Ms. Lopez's car at high speeds, alone, is sufficient to establish the requisite general intent for intentional damage to Ms. Lopez's property and the surrounding property. *See* § 30-15-1; UJI 14-1501; *State v. Haar*, 1990-NMCA-076, ¶ 13, 110 N.M. 517, 797 P.2d 306 ("We conclude that Section 30-15-1 requires general intent to do the act causing the damage and no more."). Because the evidence in the instant case "is not so thin that we can say as a matter of law that no rational jury could find the required facts to support a conviction," we conclude that the evidence was sufficient to support Defendant's convictions. *See Brenn*, 2005-NMCA-121, ¶ 26 (alteration, internal quotation marks, and citation omitted).

**{12}** For these reasons, we affirm.

**{13} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**